UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAURICE GOODEN,<br><br>　　　Petitioner,<br><br>　　v.<br><br>RAYMOND ROYCE, *et al.*,<br><br>　　　Respondents. | Case No. 24–cv–05440–ESK<br><br><br>OPINION |

**KIEL, U.S.D.J.**

　　Petitioner Maurice Gooden filed this petition for writ of habeas corpus under 28 U.S.C. §2254 (Petition) challenging his July 28, 2015 state court conviction entered by the Superior Court of New Jersey, Law Division, Atlantic County. (ECF No. 1.) The trial court sentenced petitioner to 55 years with an 85% parole disqualifier. (*Id.* p. 1) The New Jersey Superior Court, Appellate Division (Appellate Division) affirmed the convictions and sentence on September 26, 2017. *State v. Gooden*, No. A–05528–14T2, 2017 WL 4248018 (N.J. Super. Ct. App. Div. Sept. 26, 2017). The New Jersey Supreme Court denied certification on March 9, 2018. *State v. Gooden*, 232 N.J. 372 (2018).

　　Petitioner filed a post-conviction relief (PCR) petition on January 17, 2019. (ECF No. 1–4 p. 3.) The PCR court denied the PCR petition without an evidentiary hearing on June 23, 2021. (*Id.* p. 2.) The Appellate Division denied petitioner's appeal on December 1, 2022. *State v. Gooden*, No. A–00141–21, 2022 WL 17347381 (N.J. Super. Ct. App. Div. Dec. 1, 2022) (*per curiam*). The New Jersey Supreme Court denied certification on September 11, 2023. *State v. Gooden*, 255 N.J. 335 (2023). This Petition followed on April 10, 2024. (ECF No. 1 p. 18.)

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (Act). The Act imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). It appears that the Petition is barred by the Act's statute of limitations.

Petitioner did not seek a writ of certiorari from the Supreme Court of the United States. (ECF No. 1 p. 3.) Therefore, his conviction became final at the expiration of the 90-day time for seeking such review. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Therefore, petitioner's conviction became final on June 7, 2018, and the Act's statute of limitations began to run on June 8, 2018.

A properly-filed PCR petition tolls the statute of limitations. 28 U.S.C. § 2244(d)(2). Petitioner filed his PCR petition on January 17, 2019 after 223 days of the 365-day statute of limitations expired. (ECF No. 1–4 p. 3.) The statute of limitations was tolled on January 17, 2019 with 142 days remaining.

The statute of limitations remained tolled through August 16, 2021. The PCR court entered the order denying the PCR petition on July 2, 2021. (ECF No. 1–5 p. 4.) Petitioner then had 45 days to file a timely appeal in the Appellate Division, and that time expired on August 16, 2021. *Swartz v. Meyers*, 204 F.3d 417, 421 (3d Cir. 2000) ("'[P]ending' includes the time for seeking discretionary review, whether or not discretionary review is sought."); N.J. Ct. R. 2:4-1(a)(1). The statute of limitations began to run again on August 17, 2021 and ran for 29 days until petitioner filed a notice of appeal in the Appellate Division on September 15, 2021. (ECF No. 1–5 p. 4.); *see also Martin v. Adm'r New Jersey State Prison*, 23 F.4th 261, 271 (3d Cir.) ("[A] state court's acceptance of an untimely appeal … does not resuscitate the PCR petition for the period in which it was, for all practical purposes, defunct."), *cert. denied sub nom. Martin v. Johnson*, 143 S. Ct. 257 (2022). There were 113 days remaining in the Act's statute of limitations period when the notice of appeal was filed.[1]

The Appellate Division denied petitioner's appeal on December 1, 2022. *State v. Gooden*, No. A–00141–21, 2022 WL 17347381 (N.J. Super. Ct. App. Div. Dec. 1, 2022) (*per curiam*). Petitioner had 20 days to request certification from the New Jersey Supreme Court, or until December 21, 2022. N.J. Ct. R. 2:12-3(a). Petitioner did not file for certification until May 5, 2023, 134 days after the last day for a timely certification request. (ECF No. 1 p. 17.) An additional 212 days passed between the New Jersey's Supreme Court's September 11, 2023 denial of certification and the Petition's submission on April 10, 2024. (ECF No. 1 p. 18.) Petitioner's time to comply with the Act's statute of limitations had already expired when he submitted the petition. I therefore find that the Petition is untimely pursuant to the Act.

---

[1] $142 - 29 = 113$.

The Act's statute of limitations is subject to equitable tolling in appropriate cases, however.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  "In addition, for a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition."  *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013).  I will give petitioner **45 days** to show cause why the Petition should not be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1).

An appropriate Order accompanies this Opinion.

                                           */s/ Edward S. Kiel*
                                           **EDWARD S. KIEL**
                                           **UNITED STATES DISTRICT JUDGE**

Dated:  May 8, 2024