# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **MAURICE GOODEN,**<br><br>**Petitioner,**<br><br>v.<br><br>**RAYMOND ROYCE,** *et al.*,<br><br>**Respondents.** | **Case No. 24–cv–05440–ESK**<br><br><br>**OPINION** |

**KIEL, U.S.D.J.**

Petitioner Maurice Gooden filed this petition for writ of habeas corpus under 28 U.S.C. §2254 (Petition) challenging his July 28, 2015 state court conviction entered by the Superior Court of New Jersey, Law Division, Atlantic County. (ECF No. 1.) The trial court sentenced petitioner to 55 years with an 85% parole disqualifier. (*Id.* p. 1) The New Jersey Superior Court, Appellate Division (Appellate Division) affirmed the convictions and sentence on September 26, 2017. *State v. Gooden*, No. A–05528–14T2, 2017 WL 4248018 (N.J. Super. Ct. App. Div. Sept. 26, 2017). The New Jersey Supreme Court denied certification on March 9, 2018. *State v. Gooden*, 232 N.J. 372 (2018).

Petitioner filed a post-conviction relief (PCR) petition on January 17, 2019. (ECF No. 1–4 p. 3.) The PCR court denied the PCR petition without an evidentiary hearing on June 23, 2021. (*Id.* p. 2.) The Appellate Division denied petitioner's appeal on December 1, 2022. *State v. Gooden*, No. A–00141–21, 2022 WL 17347381 (N.J. Super. Ct. App. Div. Dec. 1, 2022) (*per curiam*). The New Jersey Supreme Court denied certification on September 11, 2023. *State v. Gooden*, 255 N.J. 335 (2023). This Petition followed on April 10, 2024. (ECF No. 1 p. 18.)

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (Act). The Act imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In reviewing the Petition pursuant to 28 U.S.C. § 2254 Rule 4, I concluded that the Petition was barred by the Act's statute of limitations. (ECF Nos. 2, 3.)

Petitioner did not seek a writ of certiorari from the Supreme Court of the United States. (ECF No. 1 p. 3.) Therefore, his conviction became final at the expiration of the 90-day time for seeking such review. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Therefore, petitioner's conviction became final on June 7, 2018, and the Act's statute of limitations began to run on June 8, 2018.

A properly-filed PCR petition tolls the statute of limitations. 28 U.S.C. § 2244(d)(2). Petitioner filed his PCR petition on January 17, 2019 after 223 days of the 365-day statute of limitations expired. (ECF No. 1–4 p. 3.) The

statute of limitations was tolled on January 17, 2019 with 142 days remaining. The PCR court entered the order denying the PCR petition on July 2, 2021. (ECF No. 1–5 p. 4.)   Petitioner then had 45 days to file a timely appeal in the Appellate Division, and that time expired on August 16, 2021.   *Swartz v. Meyers*, 204 F.3d 417, 421 (3d Cir. 2000) ("'[P]ending' includes the time for seeking discretionary review, whether or not discretionary review is sought."); N.J. Ct. R. 2:4–1(a)(1).    Therefore, the statute of limitations remained tolled through August 16, 2021 but began to run again on August 17, 2021.   It ran for 29 days until petitioner filed a notice of appeal in the Appellate Division on September 15, 2021.    (ECF No. 1–5 p. 4.); *see also Martin v. Adm'r New Jersey State Prison*, 23 F.4th 261, 271 (3d Cir.) ("[A] state court's acceptance of an untimely appeal … does not resuscitate the PCR petition for the period in which it was, for all practical purposes, defunct."), *cert. denied sub nom. Martin v. Johnson*, 143 S. Ct. 257 (2022).   Accordingly, there were 113 days remaining in the Act's statute of limitations period when the notice of appeal was filed.[1]

The Appellate Division denied petitioner's appeal on December 1, 2022. *State v. Gooden*, No. A–00141–21, 2022 WL 17347381 (N.J. Super. Ct. App. Div. Dec. 1, 2022) (*per curiam*).   Petitioner had 20 days to request certification from the New Jersey Supreme Court, or until December 21, 2022.   N.J. Ct. R. 2:12–3(a).   Petitioner did not file for certification until May 5, 2023, 134 days after the last day for a timely certification request. (ECF No. 1 p. 17.)   An additional 212 days passed between the New Jersey's Supreme Court's September 11, 2023 denial of certification and the Petition's submission on April 10, 2024.   (ECF No. 1 p. 18.)   Petitioner's time to comply with the Act's statute of limitations had already expired when he submitted the petition.

---

[1] $142 - 29 = 113.$

On May 8, 2024, I issued an order directing petitioner to show cause why the Petition should not be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1).   (ECF No. 3.)   Petitioner filed a reply on July 1, 2024.   (ECF No. 4.)   He argued that he is entitled to equitable tolling due to his mental illnesses, including antisocial personality disorder, bi-polar disorder, and schizophrenia.   (*Id.* p. 4.)    He asserted that his conditions caused him to spend significant periods of time in administrative segregation.   (*Id.*)

Respondents filed a limited answer at my request on October 24, 2024. (ECF No. 11.)   They argue that petitioner failed to demonstrate "any nexus [p]etitioner's mental health and the untimely filing of the [P]etition."   (*Id.* p. 4.) "To the extent [p]etitioner's time in administrative segregation housing is being offered as a rationale for such untimeliness, the State contends that [p]etitioner has not explained how or why such housing affected his ability to timely file." (*Id.*)   Petitioner filed a reply on May 5, 2025 relying on his prior submission. (ECF No. 23 p. 2.)

"[M]ental incompetence is not a per se reason to toll a statute of limitations."   *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001) (citing *Lake v. Arnold*, 232 F.3d 360, 371 (3d Cir. 2000), *overruled in part on other grounds by Carey v. Saffold*, 536 U.S. 214 (2002). "Rather, the alleged mental incompetence must somehow have affected the petitioner's ability to file a timely habeas petition."   *Id.* (citing *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998)); *see also Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003) ("Where a habeas petitioner's mental incompetence in fact caused him to fail to meet the [Act's] filing deadline ... the deadline should be equitably tolled.")

"The burden is on Petitioner to give a particularized description of how these conditions adversely affect his capacity to function generally or to pursue his rights specifically."   *Boyer v. Warden S. Woods State Prison*, No. 18–cv–

4

12001, 2020 WL 967854, at *4 (D.N.J. Feb. 28, 2020) (citing *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010)).    I have reviewed the submissions and arguments of the parties and find that petitioner has not satisfied this standard.

Petitioner's submissions include involuntary medication and treatment review committee reports.  (*See generally* ECF No. 4.)   The reports confirm petitioner's mental illness diagnoses, but nothing in the submissions suggest that his conditions negatively impacted his ability to pursue his rights.    The reports indicate that the treatments are intended "to keep [petitioner's] thoughts clear and non-psychotic and his moods stable."   (*Id.* p. 31.)    They also reflect that petitioner told the committee at one hearing that "he does not have a serious mental illness—just depression because he was worried about his family."   (*Id.* p. 32.)    Despite all of these diagnoses, petitioner has "not put forth any particular evidence to show that his mental illness prevented him from asserting his rights."   *United States v. Johnson*, 734 F. App'x 153, 159 (3d Cir.), *cert. denied*, 139 S. Ct. 471 (2018).

Petitioner's disciplinary history also does not satisfy the requirements for equitable tolling.    Prison paralegal Marquis Kennon certified that petitioner's legal access was limited to the prison paralegals while petitioner was in administrative segregation, which was essentially the entire time between June 8, 2018 and January 17, 2019.  (ECF No. 4 pp. 41, 43.)   Kennon further certified that at some point in time, every prison paralegal refused to help petitioner because the leader of the prison paralegal association wrote a statement against petitioner, leaving petitioner without legal assistance.   (*Id.* p. 41.)

I find that Kennon's certification falls short in establishing a need for equitable tolling.    The certification does not provide a foundation establishing that Kennon has personal knowledge of the facts alleged, only that they are

5

"true and correct to the best of [his] knowledge and belief." (*Id.* p. 42.) Thus it is not clear if Kennon knew about the alleged stoppage firsthand or if he is repeating something someone else told him. If Kennon knew about the stoppage firsthand because he was a paralegal at the time, that would imply that Kennon himself participated in that stoppage, which would undermine his credibility. Finally, there is no indication as to when the stoppage began, so I cannot assess how long this impediment allegedly existed. Petitioner filed his PCR petition on January 17, 2019, so he clearly had some kind of access to legal assistance during the time he was in administrative segregation. (ECF No. 1–4 p. 3.) Considering the totality of the circumstances, I find that petitioner has "failed to establish that he was prevented from managing his affairs or understanding his appeal rights" until January 17, 2019. *Johnson*, 734 F. App'x at 159. Therefore, I decline to equitably toll this period of time.

Petitioner, through Kennon, asserts the delays between August 17, 2021 and September 15, 2021 and December 21, 2022 to May 5, 2023 are because petitioner was represented by the Office of the Public Defender and could not file any papers on his own behalf. (ECF No. 4 pp. 41, 42.) "Generally, in a non-capital case ... attorney error is not a sufficient basis for equitable tolling of the AEDPA's one-year period of limitation." *Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004). A "garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland v. Fla.*, 560 U.S. 631, 651–52 (2010) (internal quotation marks omitted). I decline to apply equitable tolling to these periods.

Finally, petitioner has provided no explanation for why he waited 212 days after the New Jersey Supreme Court denied his petition for certification on September 11, 2023 to file his federal Petition. Therefore, I conclude that

6

there are no grounds to apply equitable tolling to the Petition and will dismiss the Petition as barred by the Act's statute of limitations.

I will not issue a certificate of appealability because reasonable jurists would agree that the Petition is time-barred. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, … jurists of reason would find it debatable whether the district court was correct in its procedural ruling.")

An appropriate Order accompanies this Opinion.

*/s/ Edward S. Kiel*

**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

Dated: March 11, 2026