**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **MAURICE GOODEN,** | **Case No. 24–cv–05440–ESK** |
| **Petitioner,** | |
| v. | |
| **RAYMOND ROYCE, *et al.*,** | **OPINION** |
| **Respondents.** | |

**KIEL, U.S.D.J.**

On April 10, 2024, petitioner Maurice Gooden filed a petition for writ of habeas corpus under 28 U.S.C. §2254 (Petition). (ECF No. 1.) In reviewing the Petition pursuant to 28 U.S.C. § 2254 Rule 4, I concluded that it was barred by the Antiterrorism and Effective Death Penalty Act's statute of limitations. (ECF Nos. 2, 3.)

Petitioner submitted arguments in favor of equitable tolling on July 1, 2024. (ECF No. 4.) I ordered respondents to file a limited answer on the issue of timeliness, (ECF No. 7), and they filed their answer on October 24, 2024, (ECF No. 11.) Petitioner filed his reply on May 5, 2025. (ECF No. 23.)

On March 12, 2026, I concluded that petitioner was not entitled to equitable tolling and dismissed the Petition with prejudice. (ECF No. 27.) Petitioner filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) on May 19, 2026 (Motion). (ECF No. 28.) Respondents oppose the Motion. (ECF No. 29.)

"The standards for evaluating a 60(b) motion are well established." *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 284 (3d Cir. 2021). That Rule "enumerates specific circumstances in which a party may be relieved of the effect of a judgment, such as mistake, newly discovered evidence, fraud, and

the like." *Buck v. Davis*, 580 U.S. 100, 112 (2017). "The Rule concludes with a catchall category—subdivision (b)(6)—providing that a court may lift a judgment for 'any other reason that justifies relief.'" *Id.* The Supreme Court has noted that "our cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment. Such circumstances will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).[1]

Petitioner fails to show extraordinary circumstances that justify reopening his action. I considered his arguments in my March 12, 2026 opinion and found that there were no grounds to apply equitable tolling to the Petition. (*See* ECF No. 26 pp. 5, 6, 7.) "A Rule 60(b) motion may not be used as a second bite at the apple. It is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Jones v. Shannon*, No. 3:05–cv–02255, 2013 WL 6021956, at *7 (M.D. Pa. Nov. 13, 2013) (cleaned up). Therefore, I will deny the Motion.

I will not issue a certificate of appealability because reasonable jurists would agree that petitioner is not entitled to relief pursuant to Rule 60(b)(6). 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, … jurists of reason would find it debatable whether the district court was correct in its procedural ruling.")

---

[1] I conclude the Motion is appropriately brought pursuant to Rule 60(b)(6) as petitioner asserts the Petition should not have been dismissed as time barred. (ECF No. 28 pp. 3, 14, 15.) Therefore, the Motion is not a second or successive § 2254 petition. *See Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014) ("[A] Rule 60(b) motion challenging a non-merits aspect of habeas proceedings is not a second or successive § 2254 petition.")

An appropriate Order accompanies this Opinion.

_/s/ Edward S. Kiel_

**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

Dated:  July 8, 2026

3